Carol A. Carson, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 5, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Lenora Urbano*, with her *George R. Price, Jr.*, for petitioner.

*John T. Kupchinsky*, Associate Counsel, with him *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, March 9, 1982:

In this unemployment compensation appeal, the claimant[1] questions a denial of benefits by the Unemployment Compensation Board of Review, affirming a referee's decision denying benefits on the basis of claimant's willful misconduct.[2]

The facts are undisputed. In September 1979, claimant sought and received a medical leave of absence from her employer, GTE Sylvania. During her leave, claimant fulfilled the employer's disability insurance company's requirements of submitting a physician's statement indicating that she was unable to work. Later, on November 12, 1979, believing that claimant was no longer under the care of a qualified physician, the *insurance carrier* telephoned to inform her that she would no longer receive disability payments, and that she should contact her employer.

Before contacting the employer, the claimant checked with her therapist to ascertain her medical status. According to claimant's testimony, the therapist agreed to telephone the insurance company "and get back to me to let me know where I stood and if I didn't hear from her everything was fine. I was still on

---

[1] Carol A. Carson.

[2] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

medical leave ... When I didn't hear from her I decided to call myself to find out where I stood because I didn't want to lose my job...."

When the claimant then called the employer on November 17, 1979, the employer told the claimant that she had been terminated on the 16th due to her unexplained absence on November 12, 13 and 14.

Although the employer's rules provide that an employee is deemed to have quit voluntarily when absent without notice for three consecutive days, the referee found that claimant's conduct constituted willful misconduct justifying discharge from employment.

However, in any event, there was no need for claimant to report or justify her absence if her employer-approved leave had not ended. The pivotal question, therefore, is whether the notification *by the insurance company* was the equivalent of a *termination* of claimant's leave of absence *by the employer.*

The insurance company informed claimant only of the cessation of her disability payments, without any statement that such action had caused claimant's leave of absence to end. Therefore, because claimant was aware of the company policy requiring a physician's release to return to work (which she had not received), because the insurance company was not the party who had granted claimant's leave of absence, and because there is no evidence that the insurance company was a personnel management agent for the employer, claimant was under no burden immediately to act as if she was no longer on leave.

Whether in terms of willful misconduct or voluntary quit, the denial of benefits to claimant for failure to report was in error because the duty is plainly inapplicable to an employee on a leave of absence which has not been terminated.

Accordingly, we reverse the order of the board for error of law and remand for a computation of benefits.

ORDER

Now, March 9, 1982, the order of the Unemployment Compensation Board of Review dated May 9, 1980, No. B-181059, is reversed, and the case is remanded for computation of benefits.